# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| **LUIS HUMBERTO RENTERIA AVILA**, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **EP-24-CV-00128-KC-ATB** |
| | § | |
| **EL PASO COUNTY SHERIFF** | § | |
| **DEPARTMENT, EL PASO COUNTY** | § | |
| **JAIL ANNEX MEDICAL** | § | |
| **DEPARTMENT,** *and* **PRIVATE** | § | |
| **CONTRACTOR,** | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM ORDER

On this day, the Court sua sponte considered the above-captioned case.  In this

Memorandum Order, the Court finds that the entities listed in *pro se* and *in forma pauperis*

Plaintiff Luis Humberto Renteria Avila's (BOP # 52544510) Complaint (ECF No. 3) are not

proper defendants for and upon whom the officers of the Court may issue summons and serve

process as required under 28 U.S.C. § 1915(d).  Nonetheless, as discussed below and out of an

abundance of caution, the Court sua sponte grants Avila permission to file an amended

complaint[1] that names the proper defendant(s) and adds further necessary allegations (explained

---

[1] *See* 28 U.S.C. § 636(b)(1)(A) (providing that a magistrate judge may "determine any pretrial matter" except for certain enumerated pretrial matters); Fed. R. Civ. P. 72(a) (providing that a magistrate judge may hear and decide "a pretrial matter not dispositive of a party's claim or defense."); *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006) (Motions to amend pleadings are nondispositive, and therefore, a magistrate judge is authorized to decide such motions pursuant to her authority under 28 U.S.C. § 636(b)(1)(A).); *Pagano v. Frank*, 983 F.2d 343, 346 (1st Cir. 1993) ("Under ordinary circumstances[,] a motion to amend a complaint is 'a pretrial matter not dispositive of a claim or defense of a party" within the purview of [Rule] 72(a)." (citing § 636(b)(1)(A))); *cf. also Colburn v. Bunge Towing, Inc.*, 883 F.2d 372, 379 (5th Cir. 1989) (holding that a party's failure to "appeal the magistrate's denial of his motion [to amend his counterclaim] to the trial court" left the appellate court without jurisdiction to consider the motion (citing § 636(b)(1)(A))).

below) consistent with his obligations under Federal Rule of Civil Procedure 11(b), which is set

out in the footnote below.[2]

The Court begins with a recap of the procedural history of this case.  On April 12, 2024,

Avila brought this lawsuit against the El Paso County Sheriff's Department, the El Paso County

Jail Annex Medical Department, and an unidentified "private contractor" who constructed the

jail facility.  He asserts claims under 42 U.S.C. § 1983 for violation of his Fourteenth

Amendment rights: he alleges delay of medical care for a broken finger injury that he sustained

during a slip and fall incident at the El Paso County Jail Annex, where he was detained as a pre-

trial detainee from July to November 2023.[3]  On May 22, 2024, the Court granted Avila's motion

---

[2] Federal Rule of Civil Procedure 11(b) provides:

(b) Representations to the Court.  By presenting to the court a pleading, written motion, or
other paper—whether by signing, filing, submitting, or later advocating it—an attorney or
unrepresented party certifies that to the best of the person's knowledge, information, and
belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause
> unnecessary delay, or needlessly increase the cost of litigation;

> (2) the claims, defenses, and other legal contentions are warranted by existing law
> or by a nonfrivolous argument for extending, modifying, or reversing existing law
> or for establishing new law;

> (3) the factual contentions have evidentiary support or, if specifically so identified,
> will likely have evidentiary support after a reasonable opportunity for further
> investigation or discovery; and

> (4) the denials of factual contentions are warranted on the evidence or, if
> specifically so identified, are reasonably based on belief or a lack of information.

*See* https://www.law.cornell.edu/rules/frcp/rule_11.

[3] Section 1983 "claims brought on behalf of pretrial detainees invoke the protections of the
Fourteenth Amendment." *Feliz v. El Paso Cnty.*, 441 F. Supp. 3d 488, 497 (W.D. Tex. 2020).  "A pretrial
detainee may prove a constitutional violation . . . by demonstrating an unconstitutional episodic act or
omission." *Cadena v. El Paso Cnty.*, 946 F.3d 717, 727 (5th Cir. 2020).  "For an episodic act claim
relying on an alleged . . . delay of medical care, [a detainee] can show deliberate indifference by
demonstrating that an official refused to treat him, ignored his complaints, intentionally treated him
incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any

to proceed *in forma pauperis*, though requiring him to pay the filing fee in periodic installments.[4]

On the following day, the Court ordered Avila to answer a list of questions regarding his

allegations,[5] and on June 24, 2024, Avila submitted his answers to the questions.[6]  On June 26,

2024, the Court ordered the Clerk's Office to issue summons and have the United States

Marshals Service serve the same upon the El Paso County Sheriff's Department and the El Paso

County Jail Annex Medical Department, but not the unnamed private contractor.[7]  On July 18,

2024, the El Paso County Sheriff's Department moved to dismiss Avila's claims.[8]

Turning to the issue at hand, "[o]nce [an] *in forma pauperis* plaintiff has taken reasonable

steps to identi[f]y the defendant(s), . . . the court is obligated to issue plaintiff's process to a

United States Marshal who must in turn effectuate service upon the defendants," *Lindsey v. U.S.

R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (citing 28 U.S.C. § 1915(d) and Federal Rule of

---

serious medical needs."  *Baughman v. Hickman*, 935 F.3d 302, 309 (5th Cir. 2019) (internal quotes omitted).

[4] Order Granting Mot. to Proceed In Forma Pauperis, ECF No. 2.

[5] Order for More Definite Statement of Facts, ECF No. 5.

[6] Pl.'s More Definite Statement, ECF No. 10.

[7] Order Regarding Summons & Serv., ECF No. 11.

[8] Def.'s Mot. to Dismiss Pl.'s Compl. Under Rule 12(b)(6) for Failure to State a Claim for Relief at 4 [hereinafter, Def. Sheriff's Dept.'s Mot.], ECF No. 17.  It appears that the Sheriff's Department did not serve Avila with a copy of the motion.  In the Certificate of Service section of the motion, the Department says that a copy of the motion "has been sent via certified mail/rr no. 7018 1130 0001 3055 8902 to: LUIS HUMBERTO RENTERÍA AVILA, No. 52544510, LaSalle Corrections, P.O. Box 430 Sierra Blanca, Texas 79851."  That however is not Avila's current address.  When Avila brought this lawsuit, he was at LaSalle Corrections - West Texas Detention Facility (WTDF) located in Sierra Blanca, Texas, Compl. at 2, ECF No. 3, but subsequently, he was transferred to the Beaumont Low Federal Correctional Institution located in Beaumont, Texas, where he is now incarcerated.  His current address is also listed on the summons served on the Sheriff's Department.  Summons In a Civ. Action, ECF No. 13. Moreover, the U.S. Post Office's website indicates that the Department's mail was not delivered to Avila but was returned to El Paso, Texas.  *See* https://www.usps.com/ (enter tracking no. 70181130000130558902).

Civil Procedure 4(c)(3)), and the plaintiff is entitled to rely on service by the Marshal, *Cornish v. Tex. Bd. of Criminal Justice Office of Inspector Gen.*, 141 F. App'x 298, 301 (5th Cir. 2005); *Sanchez v. Perez*, 96 F.3d 1445, 1996 WL 512289, at *2 (5th Cir. Aug. 30, 1996) (unpublished table decision).[9]  That said, the *in forma pauperis* plaintiff is not entirely off the hook: he must adequately identify the defendants so that they may properly be served, *see, e.g.*, *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990) ("The Marshal needs from the prisoner information sufficient to identify the guard ('John Doe No. 23' won't do)."), and once he is aware of possible defects in service of process, he "may not remain silent," *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987), but "must attempt to remedy them," *Triplett v. LeBlanc*, 642 F. App'x 457, 460 (5th Cir. 2016).

As mentioned, in his complaint, Avila listed three defendants: the El Paso County Sheriff's Department, the El Paso County Jail Annex Medical Department, and an unidentified private contractor who constructed the jail facility.  Below, the Court addresses each defendant in turn.

The first is the private contractor.  Previously, in ordering that summons be issued and served, the Court did not so order for the private contractor.  For at least two reasons, the contractor is not a proper defendant in this lawsuit: first, it does not appear that the alleged misconduct by the contractor was an act "under color of state law";[10] and second, Avila's chief

---

[9] *See Kaminsky v. Wake Forest Univ. Baptist Med. Ctr.*, No. 1:08CV882, 2009 WL 3208449, at *5 (M.D.N.C. Sept. 30, 2009) ("[T]he Court remains under a duty to assist Plaintiff with regard to service of process in view of his *pro se* status and the granting of leave to proceed *in forma pauperis*.  Therefore, rather than recommending dismissal of the action as to the Defendants on the basis of inadequate service, the Court must take reasonable steps to see that service is effected on all Defendants properly before the Court in accordance with Rule 4(c)(3)."); *accord Williamson v. LPCC*, No. 6:21-CV-3880, 2024 WL 1473722, at *2 (W.D. La. Mar. 11, 2024).

[10] *Richard v. Hoechst Celanese Chem. Grp., Inc.*, 355 F.3d 345, 352 (5th Cir. 2003); *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989).

allegation that the contractor "created safety hazards in that the cement floor surface[] w[as] finished too smooth, rendering [it] extremely slippery"[11] sounds in a negligence claim and therefore, is not actionable under Section 1983.[12]  For these reasons, dismissal of Avila's claims against the contractor is appropriate, and therefore, **the Court's leave to amend the complaint does not apply to the contractor**.

Up next is the El Paso County Sheriff's Department.  In its motion to dismiss, the Sheriff's Department argues that it has no legal existence separate from El Paso County, and therefore, it cannot be sued in federal court.[13]  For a plaintiff to sue a department of a Texas city or county, the department must "enjoy a separate legal existence." *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (citation omitted).  Consequently, unless the political entity that created the department has taken "explicit steps to grant the servient [department] with jural authority" to be sued, the department cannot be sued.  *Id.* at 313 & n.1.  Case law supports the Sheriff's Department's position insofar as nothing in Avila's complaint indicates that El Paso County has taken explicit steps to grant its Sheriff's Department with such authority.[14]  So, the El Paso County Sheriff's Department does not appear to be a proper defendant.

---

[11] Compl. at 2–3, 5, ECF No. 3.

[12] *See Johnston v. Wathem*, No. 7:17-CV-056-O, 2019 WL 3976678, at *2 (N.D. Tex. Jan. 15, 2019) ("[R]eview of relevant caselaw reflects that 'slip and fall' cases and 'trip and fall' cases typically state, at best, claims of negligence," and not any "cause of action under § 1983."  (citing, among others, *Daniels v. Williams*, 474 U.S. 327 (1986))).

[13] Def. Sheriff's Dept.'s Mot. at 3, 4 & n.3 (citing cases).

[14] *See Alcala v. Dallas Cnty. Sheriff's Dep't*, 988 F.2d 1210, 1993 WL 82042, at *1 (5th Cir. 1993) (unpublished but precedential opinion under 5th Cir. Rule 47.5.3) (affirming the lower court's grant of summary judgment based on that argument that the Dallas County Sheriff's Department was not a separate legal entity subject to suit and stating that the plaintiff failed to point to any case "in which a Texas sheriff's department has been deemed a legal entity for purposes of defending in an action" (relying on *Darby*, 939 F.2d at 313-14); *see also, e.g.*, *Gonzalez v. Comal Cnty. Sheriff's Office*, No. SA-21-CV-01124-XR, 2022 WL 526238, at *2 (W.D. Tex. Feb. 18, 2022) ("[A] county sheriff's office or department effectively operates under the control of the county and is not a separate jural entity.").

The same holds true for the El Paso County Jail Annex Medical Department.   The Medical Department appears to be a subdivision or sub-agency of the El Paso County Jail Annex, which, in turn, is a subdivision or sub-agency of El Paso County.   Courts, including this one, have held that neither the El Paso County Jail Annex, nor its Medical Department, is a proper entity to be sued in a § 1983 action. *See, e.g.*, *Valdez v. El Paso Cnty. Jail Annex*, No. EP-15-CV-00006-KC, 2015 WL 1509510, at \*5 (W.D. Tex. Feb. 10, 2015) (Berton, M.J.), *R & R adopted*, WL 1509508 (W.D. Tex. Mar. 16, 2015) (Cardone, J.).

Instead, the proper entity to be sued, it appears, is El Paso County—in lieu of the El Paso County Sheriff's Department and the El Paso County Jail Annex Medical Department.   But Avila did not list El Paso County as a defendant in his complaint.   Still, however, under similar circumstances, the Fifth Circuit has stated that "it may be appropriate[,] . . . especially considering the liberal treatment due pro se complaints, to allow the plaintiff to amend his complaint to change the defendant El Paso County Jail to El Paso County and to name the 'responsible parties' as their actual identities become available through discovery." *Wright v. El Paso Cnty. Jail*, 642 F.2d 134, 136 n.3 (5th Cir. 1981).   So, Avila should be granted leave to amend his complaint so that he may name El Paso County as a defendant—in lieu of the El Paso County Sheriff's Department and the El Paso County Jail Annex Medical Department.

But there lies another hurdle.   In a suit against a municipality such as El Paso County, to establish municipal liability (for an episodic act or omission) under § 1983, a plaintiff must show, among others, that the complained-of constitutional violation resulted "from a municipal policy or custom adopted and maintained with objective deliberate indifference." *Feliz*, 441 F. Supp. 3d at 500 (quotes and citations omitted).   Avila's complaint does not allege any policy or custom. *Cf. id.* at 498–499, 504 (discussing allegations of informal custom and practice in that

case).  Therefore, even if the Court were to construe Avila's complaint as suing El Paso County and order service of process upon the county, Avila's claims against the county would be subject to dismissal.

**Accordingly**, to the extent that Avila seeks to sue El Paso County (in lieu of the El Paso County Sheriff's Department and the El Paso County Jail Annex Medical Department), **the Court permits Avila to amend** his complaint to name El Paso County as defendant and— consistent with his duties under Federal Rule of Civil Procedure 11(b), mentioned above—to (a) identify a policy, informal custom, or practice, if any, of the County or its Jail Annex regarding medical care and (b) allege relevant facts, if any, suggesting how such policy, custom, or practice was related to his ultimate injury.

Finally, in his complaint and subsequent submission, Avila mentions two potential defendants, but he did not list them as defendants either.  Specifically, he alleges that a "jail staff" and a "medical staff" had a duty to act immediately when he got injured but elected to deliberately delay medical attention.  Compl. at 4.  In his answers to the Court's questions, he describes the jail staff as a guard who was handing out lunch trays at POD 200 on September 3, 2023, and further as a Hispanic white male, 5 ft. 4 in to 5 ft. 6 in. in height, with brown eyes, faded dark hair, and a little bushy mustache, and describes the medical staff as a nurse who was pregnant at the time and further as an African-American female with curly brown shoulder-length hair.  Pl.'s More Definite Statement at 3–4 (answers to Question Nos. 4(a), 4(b), 4(d), 4(d)(i), 4(d)(ii)).  His complaint and answers to the Court's questions do not however indicate that he wishes to sue them in their individual capacity.  Moreover, it appears that Avila is not aware of their names.

**Accordingly**, to the extent that Avila wishes to sue the guard and the nurse in their individual capacity, **the Court permits Avila to amend** his complaint so that he may declare, in the amended complaint, his intent to sue them.  In the amended complaint, he may tentatively refer to the guard as "John Doe" and the nurse as "Jane Doe"; he must list John Doe and Jane Doe as defendants.  After filing the amended complaint, Avila must then conduct timely discovery pursuant to the Federal Rules of Civil Procedure to determine the names of the guard and the nurse and thereafter, file yet another amended complaint to list their names, obtained through discovery, as defendants (in lieu of John or Jane Does)—so that the officers of the Court may serve process upon them.  Avila is reminded that the officers of the Court cannot issue summons or serve process upon an unidentified defendant or a John/Jane Doe defendant.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff Luis Humberto Renteria Avila is **GRANTED LEAVE** to amend his complaint consistent with the Court's discussion above and that he **MUST FILE** the amended complaint **within 21 days of this Memorandum Order**.  In addition, the amended complaint **MUST INCLUDE** all allegations (factual and legal) that he previously included in his initial Complaint and his affidavit attached thereto (ECF No. 3) and in his More Definite Statement (ECF No. 10) that he filed in response to the Court's Order for More Definite Statement of Facts (ECF No. 9).

**IT IS FURTHER ORDERED** that the Clerk's Office **SHALL MAIL** a copy of this Memorandum Order, Plaintiff's Complaint and his affidavit attached thereto (ECF No. 3), the Court's Order for More Definite Statement of Facts (ECF No. 9), and Plaintiff's More Definite Statement (ECF No. 10) to Plaintiff.

**FAILURE TO TIMELY FILE AN AMENDED COMPLAINT AS DISCUSSED AND ALLOWED IN THIS ORDER MAY RESULT IN DISMISSAL OF PLAINTIFF'S CASE**.

So ORDERED and SIGNED this  **7th**  day of August 2024.

**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**