UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LUIS HUMBERTO RENTERIA AVILA, § | |
| § | |
| *Plaintiff,* § | |
| v. § | **EP-24-CV-00128-KC-ATB** |
| § | |
| EL PASO COUNTY SHERIFF § | |
| DEPARTMENT, EL PASO COUNTY § | |
| JAIL ANNEX MEDICAL § | |
| DEPARTMENT, *and* PRIVATE § | |
| CONTRACTOR, § | |
| § | |
| *Defendants.* § | |

## REPORT AND RECOMMENDATION

On April 4, 2024, proceeding *pro se* and *in forma pauperis*, Plaintiff Luis Humberto Renteria Avila (BOP # 52544510) brought this civil rights action under 28 U.S.C. § 1983. Avila is currently serving a sentence at a federal prison in Jefferson County, Texas, but the events giving rise to this lawsuit occurred at the El Paso County Jail Annex where he was detained as a pretrial detainee from July to November 2023. Pursuant to a divisional standing order of the El Paso Division of the Western District of Texas[1] and 28 U.S.C. § 636(b), the case was referred to the undersigned Magistrate Judge.

On July 18, 2024, Defendant El Paso County Sheriff's Department moved to dismiss Avila's claims, arguing that the Sheriff's Department is a non-jural entity that lacks the capacity to be sued.[2] On August 7, 2024, the Court issued a Memorandum Order in which it found, upon

---

[1] Standing Referral Order Re: Prisoner and Immigration Detainee Civil Rights Cases (Apr. 4, 2016), at https://www.txwd.uscourts.gov/wp-content/uploads/2022/12/Standing-Referral-Order-Re-Prisoner-and-Immigration-Detainee-Civil-Rights-Cases.pdf.

[2] Def.'s Mot. to Dismiss Pl.'s Compl. Under Rule 12(b)(6) for Failure to State a Claim for Relief at 3, ECF No. 17.

further review, that none of the three named defendants is a proper defendant.[3]  Specifically, the Court found that neither the El Paso County Sheriff's Department, nor the El Paso County Jail Annex Medical Department is a separate jural entity that may be sued.[4]  It also found that the third defendant, an unnamed private contractor who constructed the Jail Annex where Avila allegedly suffered injury from a slip and fall incident, is not a proper defendant because the alleged misconduct by the contractor was not an act "under color of state law" and sounds in a negligence claim, which is not actionable under § 1983.[5]

However, out of an abundance of caution, the Court *sua sponte* granted Avila permission to file an amended complaint that names the proper defendant(s).[6]  The Court allowed Avila to file the amended complaint within 21 days, *i.e.*, by August 28, 2024.[7]  The Court cautioned Avila that "FAILURE TO TIMELY FILE AN AMENDED COMPLAINT AS DISCUSSED AND ALLOWED IN THIS ORDER MAY RESULT IN DISMISSAL OF PLAINTIFF'S CASE."[8] The record reflects that a copy of the Court's Memorandum Order was delivered to Avila on or about August 21, 2024.[9]

Instead of filing an amended complaint as the Court permitted, Avila sent a handwritten letter dated September 6, 2024, which the Clerk's office docketed as a notice to the Court.[10]

---

[3] Mem. Order at 1, ECF No. 18.

[4] *Id.* at 5–6.

[5] *Id.* at 4–5.

[6] *Id.* at 1, 7–8.

[7] *Id.* at 8.

[8] *Id.* at 9 (bold emphasis omitted).

[9] *See* Certified Mail Delivery Receipt, ECF No. 21.

[10] Pl.'s Notice, ECF No. 25.

Therein, he doubles down on his intent to continue this lawsuit against the El Paso County Sheriff's Department, which, as mentioned above, is a non-jural entity.[11]  He adds that he wishes to continue the case against "whom ever may be envolved [*sic*] in the case."[12]  Avila, who is currently serving his sentence for illegal reentry under 8 U.S.C. § 1326(a)[13] and is set to be released on October 26, 2024,[14] also asks the Court to grant him, among other things, "a humanitary [*sic*] visa" so that after his release, he could stay inside the United States and "fight for" this case.[15]

For the reasons discussed in the Court's Memorandum Order (ECF No. 18), the Court finds that Avila's complaint (ECF No. 3)—together with his response (ECF No. 10) to the Court's questionnaire (ECF No. 5) under *Watson v. Ault*, 525 F.2d 886 (5th Cir. 1976)—fails to state a claim against any of the three defendants, namely, the El Paso County Sheriff's Department, the El Paso County Jail Annex Medical Department, and the unidentified private contractor.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that[] . . . the action . . . fails to state a claim on which relief may be granted.").  Moreover, the Court finds that Avila's case should be dismissed for want of prosecution and because he failed to comply with the Court's Memorandum Order (ECF No. 18) by not filing an

---

[11] *Id.* at 1.

[12] *Id.*

[13] Judgment in a Criminal Case, *United States v. Luis Humberto Renteria-Avila*, No. EP:23-CR-02360-DB-1, ECF No. 26.

[14] *See* Federal Bureau of Prisons' Inmate Locator at https://www.bop.gov/inmateloc/ (enter "52544510" as BOP Register Number).

[15] Pl.'s Notice at 1.

amended complaint. *See Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (Federal Rule of Civil Procedure "41(b) authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a court order."); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant.").

Accordingly, **IT IS RECOMMENDED** that this case be **DISMISSED**.

**So ORDERED and SIGNED this  18th  day of September 2024.**

_____
**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**