IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LUIS HUMBERTO RENTERIA AVILA, § <br> Plaintiff, § <br> § <br> v. § <br> § <br> EL PASO COUNTY SHERIFF'S § <br> DEPARTMENT, *et al.*, § <br> Defendants. § | Cause No. EP-24-CV-128-KC |

## DISMISSAL ORDER

Luis Humberto Renteria Avila, federal prisoner number 52544-510, brought this civil rights complaint under 42 U.S.C. § 1983. Pl.'s Compl., ECF No. 3. His complaint is dismissed with prejudice for the following reasons.

Renteria Avila was detained at the El Paso County Jail Annex awaiting his trial in federal court for illegally re-entering the United States after his removal in cause number EP-23-cr-00788-DB (W.D. Tex.). While inside the jail annex on August 24, 2023, he slipped and fell in the recreation yard and broke a bone and injured tendon in his left hand. Pl.'s Compl., ECF No. 3 at 5. On September 3, 2023, he once again slipped and fell in the same recreation yard and broke a bone in his left ring finger. *Id*. He claimed that his injuries occurred because the jail annex's floors were too smooth and became extremely slippery when wet or covered with dust. *Id.* at 13. He reported that he received medical treatment from medical personnel at the jail annex after his first fall, but not after his second fall. Statement of Facts, ECF No. 10 at 3. He brought his claims against three entities—not individuals—for violations of his civil rights: the El Paso County Sheriff's Department, the El Paso County Jail Annex Medical Department, and the unidentified private company that built the jail annex. Pl.'s Compl., ECF No. 3 at 2–3. He sought $8,000,000 in compensatory damages for "the injuries [he] sustained due to negligence and

willful disregard" by jail officials and "$5,000,000 in punitive damages against the defendants." *Id.* at 5.

The United States Magistrate Judge to whom the Court referred this matter screened Renteria Avila's complaint. *Avila v. El Paso Cnty. Sheriff Dep't*, No. EP-24-CV-00128-KC-ATB, 2024 WL 3730280, at *1 (W.D. Tex. Aug. 7, 2024); *see* 28 U.S.C. § 636(b)(1)(B) (permitting a district court, on its own motion, to refer a pending matter to a Magistrate Judge for a report and recommendation). She determined that the entities named by Renteria Avila in his complaint were not proper defendants in a § 1983 civil rights lawsuit, but she afforded him the opportunity to amend his complaint. *Id.* at *4. She cautioned Renteria Avila that his failure to timely amend could result in the dismissal of his complaint. *Id.*; *see McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("A district court may dismiss an action for failure of a plaintiff … to comply with any order of court" under Federal Rule of Civil Procedure 41(b).).

Renteria Avila responded to the order with a handwritten letter instead of an amended complaint. Pl.'s Letter, ECF No. 25. In the letter, he insisted that he wanted to "continue with [his] case against the El Paso County Sheriff's Department." *Id.*

The Magistrate Judge accordingly recommended that the Court dismiss Renteria Avila's complaint for failure to state a claim on which relief could be granted against any of the named defendants. R. & R., ECF No. 26 at 3; *see* 28 U.S.C. § 1915(e)(2)(B)(ii). In the alternative, she recommended that the Court dismiss the case for Renteria Avila's failure to comply with her order. *Id.*; *see* Fed. R. Civ. P. 41(b). She gave Renteria Avila fourteen days to file written objections to her proposed findings, conclusions, and recommendations. *Id.* at 4; *see* 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b)(2).

A party who files timely written objections to a magistrate judge's report is entitled to a "de novo" review of those portions of the report to which the party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). As to other portions of the report—or when a party does not file written objections—the court applies a "clearly erroneous, abuse of discretion and contrary to law" standard of review. 28 U.S.C. § 636(b)(1)(A); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). After completing its review, a court may accept, reject, or modify the report, in whole or in part. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

As of this date, Renteria Avila has not responded to the Magistrate Judge's order by filing an amended complaint or to the report and recommendation by submitting objections. Moreover, according to Federal Bureau of Prisons records, Renteria Avila was released from custody on October 25, 2024. *See* Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (search for Reg. No. 52544-510, last visited Nov. 4, 2024).

After completing a plain-error review, the Court concludes that the Magistrate Judge's findings and conclusions are neither clearly erroneous nor contrary to law. *Wilson*, 864 F.2d at 1221. It therefore enters the following orders:

**IT IS ORDERED** that the "Report and Recommendation" of the Magistrate Judge (ECF No. 26) is **ACCEPTED AND ADOPTED** by the Court.

**IT IS FURTHER ORDERED** that Luis Humberto Renteria Avila's "Complaint for Violations of Civil Rights (Prisoner)" (ECF No. 3) is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

**IT IS FURTHER ORDERED** that the dismissal of Renteria Avila's complaint will count as a "**STRIKE**" pursuant to 28 U.S.C. § 1915(g).[1] The Clerk will therefore provide a copy of this order to the Operations Department for the Western District of Texas. The Court **ADVISES** Renteria Avila that should he accumulate three strikes, he may be required to pay the full filing fee when filing additional civil actions or appeals, unless he demonstrates that he is in imminent danger of serious physical injury.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the District Clerk Shall **CLOSE** this case.

**SIGNED this 5th day of November, 2024.**

_____
**KATHLEEN CARDONE**
**UNITED STATES DISTRICT JUDGE**

---

[1] *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").